LAWRENCE HENRY RANDOM, Respondent, v. ELIZA RANDOM, Appellant.

(170 N. W. 313.)

**Divorce — action for — grounds — extreme cruelty — bodily injury — mental suffering — care and custody of children.**

In an action brought by citizens and taxpayers residing within an area guilty of extreme cruelty by inflicting on the defendant grievous bodily injury and grievous mental suffering, so as to make it unsafe and improper for her to live with him as his wife. Hence, the marriage between the plaintiff and the defendant is dissolved. The care and the custody of the minor children is awarded to neither party to the exclusion of the other, but the plaintiff must pay for the care and keeping of the children.

Opinion filed November 29, 1918. Rehearing denied December 21, 1918.

Appeal from the District Court of Stutsman County, Honorable *J. A. Coffey,* Judge.

Reversed.

*S. E. Ellsworth,* for appellant.

"A bill for divorce, upon a charge of adultery, should not be filed upon general suspicion, nor until the discovery of some specific act

NOTE.—The question as to whether making charges of adultery is ground for divorce is discussed in notes in 18 L.R.A. (N.S.) 300, and 34 L.R.A. (N.S.) 360. On drunkenness as affecting cruel and inhuman treatment in action for divorce, see note in 34 L.R.A. 454.

On denial of custody of child to parent for its well-being, see note in 41 L.R.A. (N.S.) 564.

or of the facts from which such act must be inferred, and these must be sufficiently stated to identify the act upon which the suit is founded." Freeman v. Freeman, 31 Wis. 235.

"Neither party has the right to make such a charge against the other on mere suspicions, relying upon being able to fish up testimony before the trial to support the allegation." Nelson, Div. & Sep. §§ 138, 179; Wood v. Wood, 2 Paige, 108; 14 Cyc. 694.

"While no absolute rule can be laid down as to the facts and circumstances from which adultery will be inferred, yet, in general, proof of opportunity or the facility of access of the parties charged, will be insufficient unless accompanied by some proof of the existence of an adulterous disposition in such parties." Nelson, Div. & Sep. § 144; Freeman v. Freeman (Wis.) 235.

The defendant in a divorce suit may recriminate by a showing of any cause of divorce against the plaintiff, in bar of the plaintiff's cause of divorce. Comp. Laws 1913, § 4393.

Condonation may also be shown as a complete defense to any cause for divorce. Comp. Laws 1913, §§ 4390, 4391.

*Knauf & Knauf,* for respondent.

"Ordinarily the offense of adultery must be established by circumstantial evidence. It is not necessary to prove the carnal act by direct evidence, for it is seldom that such proof is obtainable. The crime is one where the guilty parties, acting in union, take every precaution to prevent discovery. Such being the rule of human nature, it may safely be said that concealment of the opportunity is always inconsistent with innocence. Nelson, Div. & Sep. p. 188.

Here the chancellor had the witnesses before him; he noted their conduct, their demeanor and actions in court, and observed the circumstances under which they were while in court, and indeed was capable of arriving at and pronouncing a correct judgment, and his findings, having full support in the evidence, should be sustained. Freeman v. Freeman, 31 Wis. 235.

"In determining the party in whose custody a child shall be placed after a divorce, the leading and paramount consideration is the interest and welfare of the child." 14 Cyc. 805; Re Pryce, 41 L.R.A. (N.S.) 564 and cases cited.

ROBINSON, J. This is an appeal from a judgment awarding the plaintiff a divorce, the custody of three minor children, and the costs of the action. The amended complaint charges that at divers times and places the defendant committed adultery with divers persons. This the defendant denies, and by a cross complaint she avers that for years the plaintiff has been guilty of extreme cruelty by drinking liquor to excess, by slandering her, calling her foul names, addressing to her violent language, threatening, assaulting, beating, and striking her. She avers that his general conduct toward her has been harsh, coarse, and insanely jealous. She also avers that at Jamestown in March, 1917, and other times, the plaintiff committed adultery with a certain person, his housekeeper. Hence, she prays for a decree of divorce and the custody of the minor children. By statute a divorce may be granted for adultery and for extreme cruelty.

Aside from the care and companionship of the children, the case is of no great importance because the plaintiff has no means, only a salary of $135 a month, and, hence, he cannot be forced to support the defendant. The judgment is that the marriage be dissolved and that each of the parties be dissolved from all the obligations of the marriage, and that after ninety days each party may marry again. And thus far it is clearly right regardless of any cause assigned for it. The divorce is really given to one party as much as to the other, and that is right. The real question is in regard to the costs and alimony and the care and companionship of the children. The defendant has given the plaintiff a dozen years of her best life and services, for which she should have some reasonable compensation. This the court cannot assure to her because the plaintiff has no property. However, it would be a gross wrong to turn her off without a penny and to burden her with the costs of the suit. The court was wrong in awarding to the plaintiff the sole charge and custody and control of the minor children and in making no provision for the mother to have at reasonable times the care and companionship of the children. It is not for a court to rend the most sacred ties of nature which bind the mother to her children, except in extreme cases.

On the question of adultery it can avail nothing to quote the voluminous testimony. The evidence against defendant is not nearly so cogent as the evidence connecting the plaintiff with his housekeep-

er. The testimony given by the plaintiff's brother is wholly incredible; it is a gross reflection on the plaintiff, and it throws discredit on his case. There is nothing in the testimony to lead to the conclusion that defendant was guilty of adultery.

On the question of cruelty the evidence is strongly against the plaintiff. He led the defendant a humdrum and dreary life, a merely animal existence, frequently scolding, beating, and abusing her. He was as insanely jealous as the husbands of the Merry Wives of Windsor, and like them he could not understand the feminine necessity for a change of scene and lively diversion to break the monotony of life. Hence, he became insanely jealous whenever defendant went out with a vivacious neighbor lady, who was in fact a grandmother. Thus, it appears that on one evening, at the request of Mrs. Siebold, the vivacious lady, the defendant accompanied her to the office rooms of one Jorgenson, where she went to induce him to become a member of a lodge. The two women went openly to his office, and soon the plaintiff followed them with a policeman, and in a rage of jealousy burst into the room. It was about 8 o'clock on March 12, 1915. The defendant did not know Jorgenson and had never met him. When she got home Random was there, and he called her vile names and said she had better get out. Things went on from bad to worse until January 26, 1917, when the plaintiff took the children to the home of his parents, saying to defendant that if on his return he found her in the house that he would beat her black and blue until she would not be able to get away. That was the end of their matrimonial life. When he got home she was not there. She did not care to submit to any more beating, and in that she was right. She had submitted too long.

The evidence does show that the plaintiff has been guilty of extreme cruelty as charged in the answer and that should be assigned as the cause of the divorce, and in any event the plaintiff should pay the cost of the suit, and the support and education of the children, and their companionship and company should be alike free to both the parents at all reasonable times.

Let judgment be entered to the effect that the plaintiff has been guilty of extreme cruelty by inflicting on the defendant grievous bodily injury and grievous mental suffering, so as to make it unsafe and

improper for her to live with him as his wife; and for that reason, the marriage between the plaintiff and the defendant should be, and it is, dissolved, and both parties freed and discharged from all the obligations of the marriage, excepting the care of the children; and that either party may marry again. That neither party shall have the care and custody of the children to the exclusion of the other. And until further ordered by the court, the care and custody and education of the children shall remain the same as it has been for the past several months, and the plaintiff must pay the necessary expense of the care and keeping and education of the children. And that the defendant do have and recover from the plaintiff the costs of this action and the costs of the appeal. Let judgment be entered accordingly.

BRUCE, Ch. J. (concurring in part and dissenting in part). I am of the belief that the judgment of the district court should be affirmed with the modification suggested by the opinion as to the care and custody of the children.

CHRISTIANSON, J., concurs.